IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TREVOR BENJAMIN, # 30827-037 | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v | * | Civil Action No. DKC-12-3603 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Before the court is Trevor Benjamin's correspondence requesting assistance regarding the length of his placement in a Community Corrections Center under the Second Chance Act of 2007.[1]  Benjamin, who is presently incarcerated at LSCI-Allenwood, Pennsylvania, is asking for the maximum twelve-month placement in a half-way house, instead of the five-month assignment he has been granted by the Bureau of Prisons.  For reasons to follow, the court will construe his request as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and it will be dismissed without prejudice for lack of jurisdiction.

By a judgment entered November 7, 1996, Benjamin was convicted after pleading guilty to six counts of bank robbery and one count of use of a firearm during and in relation to a crime of violence.  He was sentenced by this court to an aggregate term of imprisonment of 248 months to be followed by three years of supervised release.  *See United States v. Benjamin*, Criminal Action No. DKC-96-217 (D. Md. 1996).

Habeas corpus relief is available under 28 U.S.C. § 2241 when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3);

---

[1] The Second Chance Act provides that a prisoner may be granted pre-release custody to serve a portion of his sentence in the community, such as on home confinement or in a residential entry center (RRC) or halfway house. *See* 18 U.S.C. § 3624(c).

*Rose v. Hodges*, 423 U.S. 19, 21 (1975).  When a defendant seeks judicial review of the execution of his sentence, rather than the legality of the sentence itself, the appropriate remedy is a § 2241 habeas petition filed against the warden of the prison facility in the district where the petitioner is confined.  *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495 (1973); *Rumsfeld v. Padilla*, 542 U.S. 426, 447, 434 n. 7 (2004); *Levine v. Apker,* 455 F.3d 71, 77–78 (2d Cir. 2006) (habeas petition filed under 28 U.S.C. § 2241 is the proper vehicle to challenge Bureau of Prisons policy regarding petitioner's placement at federal prison instead of a community correctional facility).

Benjamin is presently in the custody of the Warden, LSCI Allenwood.  That facility is located in the Middle District of Pennsylvania.[2]  Accordingly, this case will be dismissed without prejudice for lack of jurisdiction so that Benjamin may file for relief in the appropriate judicial district.  A separate order follows.


Date:   January 17, 2013                            /s/
                                             DEBORAH K. CHASANOW
                                             United States District Judge

---

[2]  The address for the United States District Court for the Middle District of Pennsylvania is: U.S. Courthouse, 228 Walnut Street, P.O. Box 983, Harrisburg, PA. 17108. Petitioner is reminded that prisoners are generally required to exhaust available administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. This court expresses no opinion as to the merits of his claims.